IN THE

# SUPREME COURT

OF THE

# Territory of Dakota.

Commencing with the Decisions of February 16, 1885.

---

PIERCE *et al.* v. SPARKS *et al.*

1. MINERAL LANDS—TOWN-SITE ENTRIES ON—RECOVERY FOR VALU-
ABLE IMPROVEMENTS ON.

Hawke v. Deffebach, *ante*, followed as to townsite entries on
mineral lands, and right of recovery for improvements as occupying
claimant.

2. HOLDER OF LEGAL TITLE—WHEN DECLARED TRUSTEE FOR EQUITABLE
OWNER.

Where a party seeks to have the holder of a patent from the gov-
ernment declared a trustee of the legal title, and to recover the same,
it must affirmatively appear that his equity is superior to that of the
holder of the legal title, and that if such patent were out of the way he
would be entitled to the patent himself. EDGERTON, C. J., dissenting.

Filed February 16, 1885.

v.4DAK.—1

Appeal from the district court of Lawrence county, on order sustaining demurrer to answer and judgment thereon.

No briefs on file.

*Albert Allen,* for appellants.

*Edwin Van Cise,* for respondents.

CHURCH, J.   This case, while similar in the form of its pleadings, and in many of the facts presented, to the cases of Hawke v. Deffebach., and Hawke v. Edwards, already decided, so that the determination of those cases would, in any event, dispose of this also, yet differs from them in one important feature.   In the cases referred to, the premises in controversy formed part of what was known as the town-site of Deadwood, and application was made by the probate judge of Lawrence county to enter the same for patent under the provisions of the townsite statutes, and indeed an entry was made by him, which was afterwards canceled, as to the premises there in controversy, by order of the land department.   In the present case the land in controversy forms part of what is known as the townsite of Central City, but it is nowhere alleged in the answer, nor does it in anywise appear, that any entry of these lands for town-site purposes was ever attempted, either by the probate judge or by any one else, for or on behalf of the inhabitants of that town, or that any steps have ever been taken by the defendants or their grantors, or any other person, for or on their behalf, to acquire the legal title to this land from the government.   A protest seems to have been filed against the claim of the plaintiff, upon which the parties were heard in the land department; but this is all that appears to have been done on behalf of the town-site occupants. But mere occupancy and improvement of public lands give no vested interest therein, nor in anywise impair or interfere with the right of disposal thereof by the United States, under the laws regulating the sale of such lands.   Doll v. Meador, 16 Cal. 295; Drew v. Valentine, 18 Fed. Rep. 712; Frisbie v, Whitney, 9 Wall. 187; The Yosemite Valley Case, 15 Wall. 77; Shepley v. Cowan, 91 U. S. 338.   To entitle a party to the relief demanded in defendant's first counter-claim, it must appear affirmatively

that his equity is superior to that of the holder of the legal title; that his adversary's patent is all that stands between him and the legal title; and that, if that were out of the way, he would be entitled to the patent. Boggs v. Merced Mining Co. 14 Cal. 279, 365; Nessler v. Bigelow, 60 Cal. 98; Aurrecoechea v. Sinclair, Id. 536, at 545, 549; Drew v. Valentine, *supra*; Stark v. Starrs, 6 Wall. 418; Smelting Co. v. Kemp, 104 U. S. 636, at 647; Simmons v. Ogle, 105 U. S. 271, at 278; Steel v. St. Louis Smelting Co. 106 U. S. 447, at 454.

Manifestly, therefore, the defendants are in no position to assail the legal title in the hands of the plaintiff. If any error was committed by the department in issuing the patent to the plaintiffs, it did not, in law, operate to the prejudice of the defendants, and they have no standing in court to assert this counterclaim.

Upon that branch of the case presented by the second counter-claim, involving the question of defendant's right to compensation for improvements, although it appears from the answer that the land department once erroneously determined that the patent to be issued to the plaintiffs should contain exceptions and reservaitons of the surface rights and improvements of the town-site occupants, which determination the department subsequently, and without notice, it is said, reversed; yet the defendants were bound to know the law regulating the disposal of these lands. As we have already observed, they took no steps to acquire the title. There is no allegation of fraud or other misconduct on the part of the plaintiffs. Whatever improvements defendants made were erected in the face of an adverse claim, of which they had full notice, and we think that what we have said in disposing of this question in the two former cases, will, in all essential respects, apply to this case.

The judgment of the district court is therefore affirmed.

HUDSON, J., concurs. EDGERTON, C. J., dissents. PALMER, J., was not a member of the court when the case was heard, and therefore did not vote.